IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SEAN T. PIERCE,

        Plaintiff,

v.

JAMES COCKRELL, *et al.*,

        Defendants.

Case No. 3:24-cv-00286-RRB

**ORDER**

On July 22, 2025, the Court the Court issued a Screening Order dismissing the Complaint filed in this case by self-represented litigant Sean T. Pierce ("Plaintiff"). On August 4, 2025, Plaintiff filed a motion seeking leave to file an amended complaint in this closed case.[1] Then, on August 18, 2024, Plaintiff filed a Notice of Appeal with an application to proceed without paying the filing fee.[2] For the reasons explained below, Plaintiff's motions at Dockets at 29 and 32 are DENIED.

    **I.**     **Motion to File an Amended Complaint**

At Docket 29, Plaintiff seeks leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure and to preserve his objections to the Court's dismissal order for "either a 60(b) motion or appeal[.]"[3] Plaintiff claims that amendment is proper as a matter of course because, although the Court issued a dismissal order, a final

---

[1] Docket 29.

[2] Dockets 31-32.

[3] Docket 29 at 12.

judgment had not yet been entered at the time he filed the motion.[4] However, a final judgment had been issued before Plaintiff filed his motion.[5] While the Court is unable to tell if the Dismissal Order and Final Judgment were mailed in the same envelope, they were issued and mailed to Plaintiff on the same day.[6] Then, on August 18, 2025, Plaintiff filed a notice of appeal.[7]

It is unclear how or when Plaintiff received notice of the final judgment in this case, but in any event, the final judgment was issued and this case was closed before Plaintiff filed his motion to file an amended complaint. Once a case is closed and final judgment has been entered, a motion to amend under Rule 15 can only be entertained if the judgment is first reopened under Rule 59 or Rule 60.[8] Construing the motion as a motion for reconsideration, Plaintiff does not set forth any valid grounds for reconsideration.[9] Instead, Plaintiff disagrees with the Court's analysis in its order dismissing his case without leave to amend. Plaintiff's challenges are more appropriately addressed on

---

[4] Docket 29 at 5.

[5] Docket 28 (Final Judgment dated 7/22/2025).

[6] Docket 27 (Order of Dismissal dated 7/22/25); Docket 28 (Final Judgment dated 7/22/2025).

[7] Docket 31.

[8] *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir. 1996).

[9] *See* Local Civil Rule 7.3(h).

Case No. 3:24-cv-00286-RRB, *Pierce v. Cockrell, et al.*
Order re Plaintiff's Pending Motions
Page 2 of 5
Case 3:24-cv-00286-RRB    Document 35    Filed 09/30/25    Page 2 of 5

appeal,[10] and Plaintiff has filed an appeal to the Ninth Circuit in this case.[11] Therefore, Plaintiff's motion at Docket 29 is DENIED.

## II. Motion to Proceed IFP

When Plaintiff filed this case, he filed a motion to proceed without paying the Court's filing fee.[12] But then, on March 24, 2025, Plaintiff filed a motion to withdraw his application to waive the filing fee and paid the full fee.[13] Plaintiff explained that he received a monetary gift which allowed him to pay the fee. He also claimed his expected future inheritance would disqualify him from proceeding *in forma pauperis.*[14] Therefore, the Court denied Plaintiff's motion to proceed without paying the filing fee as moot.[15]

Now pending before the Court is Plaintiff's motion to proceed with his appeal without paying the filing fee.[16] Standing alone, Plaintiff's reported date of last employment, receipt of Social Security Supplemental Insurance, and living situation supports a finding of his indigence. However, Plaintiff paid the filling fee in this case, and his pending motion omits any discussion of a sizable inheritance he previously indicated he was slated to receive. If the amount was less than anticipated, if he has already spent it, or if the funds

---

[10] *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application); *333 W. Thomas Med. Bldg. Enters. v. Soetantyo,* 976 F. Supp. 1298, 1302 (D. Ariz. 1995), *aff'd,* 111 F.3d 138 (9th Cir. 1997) ("A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through.").

[11] Dockets 18-21.

[12] Docket 3.

[13] Docket 10. *See also* Docket 27 at 3 (denying Plaintiff's IFP application as moot).

[14] Docket 10 at 2.

[15] Docket 27 at 11.

[16] Docket 32.

Case No. 3:24-cv-00286-RRB, *Pierce v. Cockrell, et al.*
Order re Plaintiff's Pending Motions
Page 3 of 5

remain tied up in probate court, those are all circumstances he could have explained. But his complete silence on the matter gives the Court pause. Further, Plaintiff has not filed a completed financial affidavit in the detail prescribed by Form 4 of the Federal Rules of Appellate Procedure together with his motion seeking to waive prepayment of the appellate filing fee.[17] Nor has he stated the issues that he intends to present on appeal as required by Rule 24(a)(1)(C) of the Federal Rules of Appellate Procedure.[18] The Court has not, and does not, go as far as to certify that this appeal is not taken in good faith.[19] However, as it stands, the Court is unable to conclude that Plaintiff qualifies for IFP status. Therefore, Plaintiff's motion at Docket 31 is DENIED. If Plaintiff wishes to proceed with his appeal, he must either pay the appellate court filing fee or file a motion with the Ninth Circuit Court of Appeals. Finally, Plaintiff should review and comply with the Federal Rules of Appellate Procedure, the Local Rules of the Ninth Circuit Court of Appeals,[20] and all orders from the Ninth Circuit.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion at **Docket 29 is DENIED.**

2. Plaintiff's motion at **Docket 32 is DENIED.**

---

[17] Federal Rules of Appellate Procedure 24 (a)(1) (requiring parties seeking to appeal *in forma pauperis* to file a motion in the district court with an attached affidavit that includes specific information).

[18] Although Plaintiff made some legal arguments in his motion at Docket 29, this is not a substitute for complying with the requirements of the Federal Rules of Appellate Procedure.

[19] *See* Federal Rule of Appellate Procedure

[20] The most current version of the Federal Rules of Appellate Procedure, Ninth Circuit Rules and Circuit Advisory Committee Notes are available at https://www.ca9.uscourts.gov/rules/.

Case No. 3:24-cv-00286-RRB, *Pierce v. Cockrell, et al.*
Order re Plaintiff's Pending Motions
Page 4 of 5
Case 3:24-cv-00286-RRB    Document 35    Filed 09/30/25    Page 4 of 5

3. Plaintiff shall either pay the appellate court filing fee or file a motion to proceed in forma pauperis on appeal with the Ninth Circuit Court of Appeals **within 30 days** of the date of this order. *See* Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

4. Pursuant to Rule 24(a)(4), the Clerk of Court shall immediately notify the plaintiff and the Ninth Circuit Court of Appeals of the Court's entry of this order.

DATED this 30th day of September, 2025, at Anchorage, Alaska.

*/s/ Ralph Beistline*
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00286-RRB, *Pierce v. Cockrell, et al.*
Order re Plaintiff's Pending Motions
Page 5 of 5
Case 3:24-cv-00286-RRB    Document 35    Filed 09/30/25    Page 5 of 5